# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### Assigned on Briefs January, 23, 2001
## STATE OF TENNESSEE v. CHRISTOPHER JOSEPH JOHNSON

**Appeal from the Criminal Court for Knox County**
**No. 66878      Ray L. Jenkins, Judge**

---

**No. E2000-00300-CCA-R3-CD**
**February 23, 2001**

---

The defendant appeals the trial court's dismissal of his motions seeking relief from the collection of litigation taxes and trial court costs. Because we have no jurisdiction to entertain a Rule 3 appeal, we dismiss the appeal.

**Tenn. R. App. P. 3; Appeal Dismissed.**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and NORMA MCGEE OGLE, JJ., joined.

Christopher Joseph Johnson, *Pro Se.*

Paul G. Summers, Attorney General & Reporter; R. Stephen Jobe, Assistant Attorney General; Randall E. Nichols, District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

The defendant, Christopher Joseph Johnson, appeals pursuant to Tennessee Rule of Appellate Procedure 3 the Knox County Criminal Court's denial of the defendant's motion to tax the state with his trial court costs and his motion to suspend the collection via levy upon his prison inmate trust fund account of trial court "fees, and costs and taxes." The fees, costs and taxes at issue arose from the criminal proceedings in the trial court in which the defendant pleaded guilty to aggravated sexual battery and statutory rape on August 23, 1999. He received a plea-bargained effective sentence of eight years in the Department of Correction. On December 9, 1999, the defendant filed the motion to tax the state with trial court costs and a "notice of exemption" whereby he claimed a statutory personal property exemption so as to allow $4,000 "to pass through his inmate trust fund account prior to any attempt being made to collect by writ of execution." On December 29, 1999, he filed the motion to suspend collection of fees, costs and taxes. On January 10, 2000, the trial court denied the motion. It indicated that it lacked jurisdiction to entertain the motions because they were filed after the conviction judgments became final. The defendant filed a Rule 3

notice of appeal on February 8, 2000. *See* Tenn. R. App. P. 3(b). Because we conclude that Rule 3 avails the defendant no right to appeal the trial court's actions, we dismiss the appeal.

The circumstances in which a criminal defendant has a right to appeal to this court the actions of a trial court are enumerated in Tennessee Rule of Appellate Procedure 3(b). He or she may appeal from a judgment of conviction, from an order denying or revoking probation, or from a final judgment in a criminal contempt, *habeas corpus*, extradition, or post-conviction proceeding. *See* Tenn. R. App. P. 3(b). The rule does not encompass an appeal of the denial of motions of the type at issue in the present case. Thus, even if we were to agree that the trial court erred in its determination that it lacked jurisdiction over the proceeding, *see* Tenn. Code Ann. § 40-25-134 (1997); *Shawn White v. State*, No. E2000-01194-CCA-OT-CD (Tenn. Crim. App., Knoxville, July 12, 2000) (order denying motions filed in Court of Criminal Appeals), this court lacks appellate jurisdiction to hear this matter. *See State v. Charles J. Smigelski*, No. E2000-00533-CCA-R3-CD (Tenn. Crim. App., Knoxville, Feb. 2, 2001).

Accordingly, we hold that we lack jurisdiction to undertake appellate review, and we dismiss the appeal.

_____
JAMES CURWOOD WITT, JR., JUDGE